United States District Court
Southern District of Texas
**ENTERED**
February 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-17-65 |
| ANDREW CRAIG SUSTAITA | § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

   [ ] an offense for which the maximum sentence is life imprisonment or death.

   [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3) A period of not more than five years has elapsed since the (date of conviction)

(release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[x] B. Findings of Fact [18 U.S.C. § 3142(e)]

  [x] (1) There is probable cause to believe that the defendant has committed an offense

  [ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
  ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) 841(a)(1).

  [ ] under 18 U.S.C. § 924(c).

  [x] under 18 U.S.C. ( ) § 2252A (a)(2)(B);  ( ) § 2252A (b)(1);  ( ) § 2256

  [x] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D. Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C.

§ 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[x] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Andrew Craig Sustaita has been charged by Indictment with sexual exploitation of children in violation of 18 U.S.C. 2251(a) & (c) (Count one), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2)(count two).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
  Evidence presented at the detention hearing shows that the grand jury has made a probable cause determination that Andrew Craig Sustaita ("Sustaita") committed the offenses described in the Indictment and testified to at the hearing. Sustaita sexually exploited children and possessed child pornography. The Court finds by clear and convincing evidence, in addition to the presumption set forth in subsection (e)(3) of the Bail Reform Act, that Sustaita is a danger to minors in the community and a flight risk.
  For bail evaluation purposes, Sustaita's charges are considered a crime of violence. This is relevant to the danger he presents to children if free on bail. Under 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter ... 110." *Id.* at (c). A violation of § 2252A falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. Also, under 18 U.S.C. § 3142(e)(3), a presumption arises that there is no condition or combination of conditions that will reasonably assure the appearance of Sustaita and that he is a danger to the community, namely minors in the community. Sustaita did not rebut either presumption at the bail hearing.
  The evidence presented at the hearing against Sustaita is strong. The case agent testified that the Harris County Sheriff's office was notified by Homeland Security about an online user posting and communicating images containing child pornography. The user ID belonged to Sustaita, who was employed by Harris County Sheriff as a patrol deputy. According to the case agent, Slayer0869 contacted a bestiality website. Access the videos was only for pay. Two videos show a male masturbating near a small Yorkie dog licking his penis and anus. There were tattoos on the man's wrist, belonged to Sustaita. This dog also appears in Sustaita's Facebook images. The case agent testified that a search warrant for Sustaita's residence and arrest warrant were obtained. Sustaita was not present during the search. His wife identified his computer devices. His laptop was password protected and his wife did not have her husband's password. Sustaita later arrived and was arrested. He identified the laptop as his. Agents also seized an external hard drive and firearms. A forensic search of the laptop and hard drive revealed child pornography. The images on these devices include

a child, 8-10 years old, nude, hands bound with genitals displayed. There are also images of a female, 3-4 years old. In one image, her mouth is open, semen on her face, and an adult penis is in the photo. The child is not related to Sustaita. Other images were produced by Sustaita, including a female child 5-6 years old, with the penis of an adult male, with the child sleeping on bedding that was found in Sustaita's residence. The left side of the penis has a wart. This deformation also appeared on the bestiality video. There was also an image of a sleeping girl with semen on her mouth and face. Another image shows pink and black bedding fabric found at Sustaita's house. In some images of the girl, Sustaita photographs her as he is pulling down her panties. These photos include an image of Sustaita's bracelet. There are 50 images of this child., who stayed in Sustaita's home many times. Law Enforcement spoke with the parents of the child, who are friends of the wife because they have kids of similar ages. Sustaita's ten year old daughter and her friend were asleep when the images of her friend were produced. The case agent testified that 2,163 images of child pornography were downloaded and produced. One of the videos that were produced by Sustaita was of his female relative born in August 2006. There is a video of her taken in the shower. In the video, a female child turns around and says: "are you spying on me." Some bestiality images contained child pornography. There were images of females, 7-10 years old, with animals licking their private parts. Law enforcement also saw images taken at several different times where Sustaita was receiving oral sex from an adult female. Sustaita was identified by a wart on his penis and his bracelet. He was wearing his sheriff's uniform.

Sustaita is living with his parents. The parents live .2 miles from an elementary school. His employment is unstable. He has a mental health condition.

Given his personal characteristics, the strength of the evidence, and the likelihood of a substantial prison sentence, the risk of flight is great. Sustaita not only produced child pornography, the photographic evidence shows he also molested the child in the images. Moreover, under 18 U.S.C. 3146(g)(1), the offense charged is both a crime of violence and involves minor victims. These objective factors show the seriousness of the danger Sustaita presents to the community, particularly minor children in the community. Because of the type of images he possessed, the severity of the potential sentence weighs heavily in favor of detention. *United States v. Almasri*, Crim. A. No. H-07-155, 2007 WL 2969740, at *1 (S.D. Tex. Oct. 10, 2011)(finding severity of potential ten-year sentences weighed in favor of detention).

There are no conditions or combination of conditions that would assure Sustaita's court appearances or the safety of the community. Therefore, detention is ORDERED. Accordingly, the Court orders that Defendant Andrew Craig Sustaita is DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 13th day of February 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE