UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | Criminal H 17-65 |
| | * | |
| ANDREW CRAIG SUSTAITA | * | Judge Sim Lake |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND BRIEF IN SUPPORT

COMES NOW ANDREW CRAIG SUSTAITA by and through counsel of record, and offers this Court his Motion to Suppress and Brief in Support relating to the search warrant served upon the Defendant's home on January 9, 2017. The Defendant maintains that the issuance of the search warrant itself is not supported by law which renders the subsequent search unlawful. Defendant further contends that the "good faith exception" will not operate to save this search warrant. In support, the Defendant offers the following facts, arguments, and authorities.

### FACTUAL SUMMARY

On January 9, 2017, Harris County Sheriff's Deputy Jeremy Thomas swore to an affidavit and Judge Catherine Evans of the 180th State District Court of Harris County, Texas, signed a search warrant for Defendant Andrew Sustaita's home residence at 15500 Cutten Road, Apartment 1908, Houston, Harris County, Texas. This affidavit and warrant are attached as EXHIBIT A. The warrant authorized the authorities to search this address for two general categories of contraband: 1) child pornography and associated paraphernalia and evidence, and 2) material deemed to be obscene under Texas state law and associated paraphernalia and evidence.

1

Later, on January 9, 2017, this warrant was served on this location and various digital material was seized by the authorities. This digital material included videos of the Defendant engaging in bestiality and images of alleged child pornography that led to the current charges pending in this case.

## SUMMARY OF THE ARGUMENT

The affidavit for the search warrant did not obtain sufficient allegations that would support the issuance of a search warrant either for 1) child pornography, or 2) obscenity evidence at 15500 Cutten Road, Apartment 1908.

With regard to the child pornography category, the affidavit is insufficient for two reasons. First, because it predicates a search for child pornography on the belief that a person the authorities believed to be Defendant was posting and showing interest in legal child erotica material online. The affidavit itself admits that there was no material that met the federal definition of child pornography. There was insufficient information in the affidavit to conclude that a substantial basis for concluding that probable cause existed that child pornography would be found in the location to be searched. Specifically, there is insufficient information in the affidavit to conclude that there is a substantial basis for concluding that there would be illegal child pornography at the residence of a person who has shown interest in legal child erotica online.

With regard to the obscenity category, it is clear that this was a creative pretext to get into the location to search for child pornography. This pretext strategy was admitted to by the Affiant, Deputy Thomas in the detention hearing in this case. While pretexts may be legally permissible, there is insufficient information in this case to draw any nexus between the item to be searched for – obscenity/bestiality evidence – and the place to be searched: 15500 Cutten Road,

Apartment 1908.  The affidavit mentions bestiality videos posted on a website depicting a man alleged to be the Defendant engaged in obscene conduct with a dog.  These videos are the supposed justification for searching 15500 Cutten Road, Apartment 1908.  There is no nexus alleged in the four corners of the affidavit between the dog videos and the place to be searched.  In fact, the Harris County Sheriff's Office Offense Report Supplement 4 in this case (attached as EXHIBIT B) clearly indicates that prior to the issuance of the search warrant, the authorities had identified the location in which these videos were produced as 17627 Macrantha Dr., Spring, Texas through real estate photos and background features in the videos.  This is an old residence of the Defendant.  There is no nexus between the place to be searched – the Cutten Road Apartment – and the thing to be searched for – obscenity evidence.  The only the Cutten Road location has in common with obscenity or bestiality is that the Defendant was living there.  This is insufficient to show probable cause that such material would be found at the Cutten Road Apartment.  Additionally, this information that the obscene material was not produced at the location to be searched is omitted from the affidavit.

Finally, Defendant anticipates that the Government will argue that the "good faith exception" would apply to save the fruits of the search in the event the Court finds that the search warrant was not supported by probable cause.  The "good faith exception" was established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).  *Leon* establishes four scenarios in which the "good faith exception" will not apply.   In this case, the third exception should prevent the application of the "good faith exception."  Specifically, the warrant in this case was based on an affidavit so lacking in indicia of probable cause so as to render official belief in its existence entirely unreasonable.    Therefore, Defendant asks the Court to

suppress the fruits of the search warrant served on January 9, 2017 at 15500 Cutten Road, Apartment 1908.

## I.  THE AFFIDAVIT IS INSUFFICIENT WITH REGARD TO CHILD PORNOGRAPHY

The affidavit which was presented to the magistrate for review contains no allegation that the Defendant possessed illegal child pornography.  The affidavit only alleged that the Defendant was involved with legal child erotica. Nowhere in the affidavit does the affiant claim that he actually discovered any illegal pornographic materials directly attributable to the Defendant. Further, there is no explanation of how the alleged presence of child pornography is related to the existence of non-criminal erotica. Finally, as will be discussed further below, even assuming the statement presented in the affidavit is completely true, that does not constitute a crime that would justify the issuance of a search warrant.

The majority of the Affiant's affidavit is either boiler plate language relating to definition, search methodology or his training and experience regarding collectors of child pornography. While the affidavit states that the Affiant had reason to believe that the Defendant's residence is believed to contain evidence of possible distribution of child pornography, nothing contained with the affidavit validates this proposition. A court cannot rely on evidence not included in the affidavit to establish probable cause. See *Poolaw v. Marcantel*, 565 F.3d 721, 729 n. 7 (10th Cir 2009); see also *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) ("It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention.").

The particularity requirement of the Fourth Amendment "prevents general searches and strictly limits the discretion of the officer executing the warrant." *Cassady v. Goering*, 567 F.3d

628, 635 (10th Cir. 2009). "It is not enough that the warrant makes reference to a particular offense; the warrant must ensure that the search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Id*. at 636 (brackets omitted) (Emphasis added). "Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." The affidavit filed in support of the search warrant "must make it apparent ... that there is some nexus between the items to be seized and the criminal activity being investigated." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir.2006) (citing *Warden v. Hayden*, 387 U.S. 294, 302, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967)). Here, the activity being investigated is apparently the legal possession of erotic photographs. There is no information contained within the four corners of the affidavit which would support the allegation that Defendant was in possession of child pornography. Accordingly, the magistrate could not conclude there existed probable cause to seize child pornography as the instrumentality or evidence of the crime that is being investigated.

It is clear from a reading of the affidavit that nothing rising to the level of child pornography existed. "An affidavit must provide the magistrate with substantial basis for determining the existence of probable cause, and a wholly conclusory statement fails to meet this requirement. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusion of others." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2333 (1983). "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefore from the facts and circumstances presented to him under oath

or affirmation. Mere affirmation of belief or suspicion is not enough." *Nathanson v. US.*, 290 U.S. 41, 47, 54 S.Ct. 11, 13(1933). "In making a probable cause determination, the issuing magistrate must examine the totality of the circumstances set forth in the affidavit, including an informant's veracity and basis of knowledge." *United States v. Danhaur*, 229 F.3d 1002, 1006 (10th Cir. 2000) citing to *Illinois v. Gates*, 462 U.S. 213, 238 (1983). While it is clear from well settled law that the court should give the examining magistrate great deference in the determination as to the existence of probable cause, it is important to note that no deference is afforded when there is no substantial basis to determine that probable cause existed. *United States v. Danhaur*, 229 F.3d at 1006.

Here, the probable cause affidavit is completely devoid of any link between the discovery of erotica and the alleged child pornography that is sought. However, even assuming that the officer's knowledge training and experience would credibly give rise to some link between the possession of erotica and the possession of child pornography, it is useful to note that the Third Circuit Court of Appeals has held that combining the label "child pornography" with the rest of the information in an affidavit to produce something greater than the sum of its parts is not effective. Even previous child-molestation convictions are "not sufficient to establish—or even to hint at—probable cause as to the wholly separate crime of possessing child pornography" absent any allegation of a correlation between the two types of crimes. *Virgin Islands v. John*, 654 F.3d 412, 419 (3d Cir.2011).

The only link between the legal child erotica and illegal child pornography offered in the affidavit is the boiler plate statement on page 10 of the affidavit that:

> "Affiant knows from his training and experience that Child Erotica is visual, audio, or written material of individuals under the age of 18 that depict them in sexually explicit

6

situations, without depicting the exact characteristics of what constitutes Child Pornography. Affiant knows from training and experience that Child Erotica is often found along with Child Pornography in a collector's possession as means of furthering the fantasy that they engage in."

This is very similar to the affidavit in *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015). In *Edwards*, like in the instant case, there was an averment in the affidavit that those who possess child pornography are highly likely to possess child erotica. The *Edwards* Court held:

"Neither his posting of child erotica nor his comments suggesting a sexual attraction to the child in the posted images established probable cause that Mr. Edwards possessed child pornography in his home. Similarly, the fact that child pornography collectors also collect child erotica, participate in certain online forums related to child erotica, and share other common characteristics does not support an inverse conclusion that possessors of child erotica and participants in such online forums are also collectors of child pornography. While this may be true, the affidavit contains no facts to support it. Accordingly, we hold the affidavit fails to provide probable cause that child pornography would be found at Mr. Edward's home." *Id* (citations omitted).

The same issue presents itself in this case. Like in *Edwards*, there is a statement that collectors of child pornography often possess child erotica. Also like *Edwards*, there is no support offered for the inverse, that possessors of child erotica are likely to possess child pornography. Furthermore, there is no information in the affidavit that Defendant falls into the class of individuals referred to as a "collector" of child pornography. In this case, as in *Edwards*, the affidavit in this case fails to provide probable cause that child pornography would be found at the Defendant's home.

## II.   THE AFFIDAVIT IS INSUFFICIENT WITH REGARD TO OBSCENITY

In light of the lack of probable cause available to the Affiant that the Defendant was possessing child pornography at his residence, the Affiant added an unusual second theory to the affidavit and warrant as a pretext to get into the Defendant's house.  The affidavit describes two videos that law enforcement found on a bestiality website.  These videos are depictions of the Defendant masturbating while a dog licks him.  A police officer bought a membership to this bestiality website and downloaded these videos.  The affidavit describes the Texas Penal Code definition of obscenity and identifies these videos as being obscene material.  The affidavit continues to seek permission in the warrant to search the Defendant's residence at 15500 Cutten Road, Apartment 1908, Houston, Harris County, Texas for evidence of this misdemeanor offense of obscenity.

What is recklessly omitted from this warrant is the fact that prior to the date of the warrant and affidavit, law enforcement had identified the location that the Defendant produced these videos as 17627 Macrantha Dr., Spring, Texas through real estate photos and background features in the videos.  (see EXHIBIT B).  There must be a nexus between the items sought and the place to be searched.  *See United States v. Payne*, 341 F.3d 393, 400 (5th Cir. 2003).

There is simply no nexus between the place to be searched (Defendant's new residence) and the material for which they are seeking to search (obscene material).  The mere fact that the Defendant was at some unknown time in the past involved in the production of an obscene video at an unrelated location is not probable cause that obscene materials or evidence relating to the offense of obscenity exists at the apartment on Cutten Road on January 9, 2017.

The affidavit on its face fails to spell out probable cause with respect to obscenity.  Additionally, and alternatively, the affidavit recklessly omitted material facts, namely that law

enforcement knew in advance that the videos were not produced at the location they were seeking to search. As such, the Defendant requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). When this additional critical fact is added to the affidavit after a *Franks* analysis, the affidavit is even more devoid of probable cause supporting a search for obscenity. Instead of merely being silent about a nexus between the apartment and the obscene materials, the affidavit would affirmatively negate any reason to believe that there is evidence relating to obscenity in the Defendant's apartment.

### III.     LEON GOOD FAITH EXCEPTION DOES NOT APPLY

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court crafted the *Leon* good faith exception to the exclusionary rule predominantly to prevent the exclusion of otherwise reliable evidence obtained as a result of a search warrant later found to be lacking in probable cause, but where the officers acted in good faith. The Court reasoned that the fact that the officers had gone to a magistrate in an effort to obtain a search warrant demonstrated their good faith, and that otherwise reliable evidence should not be excluded. However, the Court outlined four scenarios under which Leon would not operate to save the fruits of a search. Those scenarios are:

1. Where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;

2. Where the magistrate abandoned his or her judicial role and failed to perform his or her neutral and detached function;

3. Where the warrant was based on an affidavit so lacking in indicia of probable cause so as to render official belief in its existence entirely unreasonable; or

4. Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Id*.

One court has indicated that "good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble." *United States v. Reilly*, 76 F.3d 1271, 1280 (2nd Cir.1996). "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right." *United States v. Peltier*, 422 U.S. 531, 539, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975) (quoting *Michigan v. Tucker*, 417 U.S. 433, 447, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974)). *Leon*'s good-faith exception applies only narrowly, and ordinarily only where an officer relies, in an objectively reasonable manner, on a mistake made by someone other than the officer. *US v. Herrera*, 444 F.3d 1238, 1249 (2006 10th Cir.) (emphasis added). When a police officer has "not presented a colorable showing [of probable cause], and the warrant and affidavit on their face preclude reasonable reliance, the reasoning of *Leon* does not apply." *United States v. Hove*, 848 F.2d 137, 140 (9th Cir.1988).

In *Virgin Islands. v. Jahn*, 654 F. 3d 412 (3rd Cir. 2011), the detective applied for a warrant to search the defendant's home for child pornography, relying solely on an affidavit that established only probable cause to believe that evidence of sexual assault of several children who attended school where he taught might be found. In the affidavit, there was no allegation of any direct evidence that the defendant was in possession of pornography, it did not offer the existence of any connection between the two crimes, and it did not claim either a good faith belief in such a connection or any basis for thinking that one had been established. In that case, as is the case here, the affidavit provided no reason to believe that a person who allegedly

10

committed child sexual assault would possess child pornography. The Third Circuit held that the affidavit was "....so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. To be sure, the affidavit provides reason to believe that [Defendant] had committed sex crimes against his students on school property, and that he kept two particular pieces of evidence of those crimes in his home. But those allegations are not sufficient to establish—or even to hint at—probable cause as to the wholly separate crime of possessing child pornography." *Virgin Islands v. John*, 654 F. 3d 412, 418 (3rd Cir. 2011) (emphasis added).

In this case the 3rd *Leon* scenario applies.  The warrant in this case is based on an affidavit so lacking in probable cause so as to render official belief in its existence as entirely unreasonable.  The affidavit, on its face, offers no facts regarding the Defendant possessing child pornography.  Furthermore, the Affiant knew this.  Sensing that he lacked the requisite facts to obtain a child pornography warrant, the Affiant dusted off an old and rarely used crime in the Texas Penal Code – misdemeanor obscenity.  The Affiant used this as an alternative reason to search the Defendant's home – evidence of obscenity related to bestiality videos.  However, the affidavit makes absolutely no link between the obscene videos and the place to be searched other than the Defendant living there.  There is no information in the affidavit that the Defendant produced or stored these obscene videos at his residence at 15500 Cutten Road, Apartment 1908, Houston, Harris County, Texas.  In fact, it was actually known to law enforcement that the videos were not produced at this location but instead another location (See EXHIBIT B).

While the affidavit is quite lengthy, the vast majority of it consists of boilerplate conclusory statements that appear in almost every child pornography warrant.  If a reasonable magistrate closely inspected it and distilled it down to the particular facts offered by the Affiant,

11

he or she would see that it is utterly devoid of probable cause to search the Defendant's residence. For this reason and all of the previously discussed reasons, the State Judge's belief in the existence of probable cause was utterly unreasonable and the *Leon* good faith exception should not apply to this case. The exclusionary rule should be enforced to discourage the Government from seeking warrants on such lacking evidence.

## IV.    CONCLUSION

As discussed above, there was no probable cause offered in the affidavit to search the Defendant's residence for either child pornography or evidence of obscenity. Additionally, the good faith doctrine should not save this search. The Defendant requests a *Franks* hearing with regard to the recklessly omitted facts.

Due to this violation of the Defendant's rights under the 4th Amendment, the Defendant prays that the Court issue an order suppressing all of the evidence seized from 15500 Cutten Road, Apartment 1908, Houston, Harris County, Texas on January 9, 2017.

Respectfully submitted,

*/s/ Nathan Hennigan*

_____
Nathan Hennigan
Attorney for Defendant
2814 Hamilton Street
Houston, Texas 77004-1232
State Bar No. 24058612
SDTX No 3025622
713-443-2232
713-583-7022 (fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing motion has been forwarded to all counsel of record by the SDTX ECF system on this 4th day of August, 2017.

*/s/ Nathan Hennigan*
_____
Nathan Hennigan