# EXHIBIT A
## SEARCH WARRANT, AFFIDAVIT, AND RETURN

COUNTY OF HARRIS                          §

                                         §            AFFIDAVIT

STATE OF TEXAS                           §

**AFFIDAVIT FOR SEARCH WARRANT**

BEFORE ME, THE UNDERSIGNED AUTHORITY PERSONALLY APPEARED THE AFFIANT HEREIN, A PEACE OFFICER UNDER THE LAWS OF TEXAS, WHO, BEING DULY SWORN, ON OATH MADE THE FOLLOWING STATEMENS:

My name is Jeremy Thomas and I am commissioned as a peace officer employed by the Harris County Sheriff's Office.   There is in Harris County, a suspected place, located as follows:

**15500 Cutten Road Apt 1908, Houston, Harris County Texas, 77070**

The address of 15500 Cutten Road Apt 1908, Houston, Harris County Texas, 77070 is described as a dwelling which is located in the apartment complex known as San Cierra. The location is on the east side of Cutten Road and south of Louetta Road.  The specific apartment is located in the 1900 building which is located in the east portion of the complex and situated with the doors facing north and south. The building is a brick and wood constructed apartment. The building and all its improvements and structures are listed within the Harris County Appraisal District as Bldgs. 1 thru 54, Cutten at Louetta Apts.

Photographs of the location are provided below.




Said suspected place is in the charge, controlled by, or used by the following named and/or described suspected parties (hereafter referred to as suspects), to wit:





Name:       ELIZABETH LEE SUSTAITA
Date of Birth  05261981
Photo

Andrew Sustaita – DOB 7/26/1986

Elizabeth Sustaita 05/26/1981

And parties unknown

It is the belief of the Affiant that said suspected party has possession of and is concealing at said suspected place the following property to be searched for:

1. Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise regarding the sexual conduct and/or the exchange of pornography images including images of child pornography, child erotica, and images that are patently offensive representations or descriptions of sexual bestiality, masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs and images of children under the age of 18 engaging in the above conduct, by the names stated above and otherwise, regarding the offense of Obscenity as defined in Penal Code 43.23.

2. Evidence of display and/or distribution of the material listed in Item 1.

3. Telephone books, address books, diaries, or other writings tending to identify other persons or child victims.

4. To view and seize any videotapes and viewing and recording equipment to determine if they depict children engaged in nude or sexually explicit conduct or any of the material listed in Item 1.

5. Any data or images of persons engaged in obscene displays of patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality.

6. Any data or images of persons engaged in patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs taken as a whole, lacks serious literary, artistic, political, and scientific value.

7. Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct.

8. Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

9. Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

10. Condoms, lubricants, sex aids, pornographic materials, and devices used for sexual stimulation.

11. Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipod's, MP3 players, Video IPods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

12. Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

13. Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

14. Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

15. Documents showing dominion and control over the residence such as letters, utility bills, telephone bills, miscellaneous bills, pager bills and receipts for occupants, articles of personal property tending to establish the identity of the persons in control of the premises, vehicles, storage areas, safes, out buildings and containers being searched including utility company

receipts, rent receipts, addressed envelopes, and keys and photographs of the defendant and his associates.

AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT:

Your Affiant, Jeremy Thomas, is currently employed as a Deputy Investigator for the Harris County Sheriff's Office. The Affiant has been a law enforcement officer in excess of twenty-two years. Affiant is currently assigned to said department's High Tech Crimes Unit, where his duties include the investigation of technologically-advanced offenses including Theft, Identity Theft, Fraud, Child Pornography, Online Harassment, Breach of Computer Security, and Child Exploitation. The Affiant is also a member of the Internet Crimes Against Children (ICAC) Task Force for the Houston Metro area. Affiant has numerous hours and training in the conduct of criminal investigations, including certification in Basic Cybercrime Investigation as provided by the Texas Commission on Law Enforcement, and possesses a Master Peace Officer Certificate through that same Texas Commission.

Affiant has spoken with other peace officers and investigators with other law enforcement agencies who are knowledgeable regarding the methods and means used by individuals who buy, sell, trade, send, and/or receive images via the Internet. These officers have related their personal knowledge and provided Affiant with insights as to the manner that evidence of these crimes are kept. Affiant has personally been involved in the interviews of no fewer than 20 persons, who were accused sexual offenders against children. During these interviews, the sexual offenders discussed or confessed to their sexual interest in children and Affiant has personally been involved in the arrest of no fewer than 20 persons involved in child sexual exploitation.

Affiant knows through his training and experience that the trade of digital images of a sexual nature through the internet is extensive and one of the main methods of distribution for this type of communication. Affiant has received specialized training regarding the investigations of computer facilitated criminal investigations.

On Wednesday, December 28, 2016 Affiant was contacted by Special Agent R. Wilfong with the Department of Homeland Security Investigations Unit. S.A. Wilfong is assigned to the Innocent Images Unit, which deals with the possession, distribution and promotion of child pornography.

S.A. Wilfong stated he received a tip from law enforcement in Australia regarding an unknown user on the YANDEX network, who was possibly sharing images of child pornography and or child erotica.

Your affiant learned from www.wikipedia.com that YANDEX (Yandex N.V. (/ˈjʌndɛks/ Russian: Яндекс) is a Russian multinational technology company specializing in Internet-related services and products. Yandex operates the largest search engine in Russia with about 60% market share in that country. It also develops a number of Internet-based services and products. Yandex ranked as the 4th largest search engine worldwide, based on information from Comscore.com, with more than 150 million searches per day as of April 2012, and more than 50.5 million visitors (all company's services) daily as of February 2013.)

S.A. Wilfong informed your affiant that he reviewed the information which had been provided to S.A. Wilfong and observed that on October 10th, 2016 Officer Stu Butler with the Argos Australia Task Force (Task Force Argos is a highly specialized branch of the Queensland Police Service responsible for the investigation of on-line child exploitation and abuse) observed a user named SLAYER69 posting comments in an album on a webpage called TINYPANTIES1.

Officer Butler reported that he then looked at various user comments that had been made to other user's images. Below is what Officer Butler notes SLAYER69 posted:

1. Comment to girl 12-14 years of age in a boat, wearing a bikini with her legs open. "great album!". This was posted by SLAYER69 on July 14, 2016 at 00:17.

2. Comment to girl 11-13 years of age in G-string panties and t-shirt. "great albums. Love t trade". This was posted by SLAYER69 on October 14, 2016 at 01:05. Some of the pictures in this album are considered child exploitation materiel in Australia.

A detailed look at the Albums/Pictures posted by SLAYER69 were also included by Officer Butler. Some of the images are described as follows:

1. Sister-In-Laws panties (password protected) 26 pantie pics, adult nudity. Album forward: says email to trade. Links only. I don't reply to empty emails. Send to receive.

2. Sexy Girl – 21 girls in underwear pictures. Some kids, some classified as child exploitation material in Australia. Album forward: Send links to trade. Box links preferred. Have fun and enjoy.

3. Niece (password protects) 20 pics of the same girl (under 10 years of age) clothed but focusing on the bottom without identifying the girls face. Album Forward: send something if you want to trade.

4.  Girl Sleep (password protected) 55 pics of girls in panties sleeping – some kids – some child exploitation materiel under Australian law. Album Foreword: send links to trade. Emails with no links get deleted. Enjoy!!!!

The user information which had been provided to S.A. Wilfong by the Australian Police indicated the following user names and information associated with SLAYER69:

Username: Slayer69
Real Name: **Slayer0869@yahoo.com**
Email:      hidden, contact via comments / Slayer08696969@yahoo.com
Registered on: 2015-05-28

S.A. Wilfong was provided by Officer Butler with the I.P. Address 172.124.184.174 as the I.P. Address associated with the postings made by SLAYER69. S.A. Wilfong learned that said I.P. Address was assigned to AT&T U-Verse, and a Federal Summons was issued to AT&T U-Verse on 12-21-2016. The return of service was received from AT&T on 12-28-2016 and indicated the IP address had been issued to an Andrew Sustatia with an account number 151889244, an address of 15500 Cutten Road, apartment number 1908, a location your affiant knows to be in Harris County, Texas. The account was initially activated on April 14, 2016 and was still active.

S.A. Wilfong told your Affiant that he proceeded to the location in order to conduct surveillance and as S.A. Wilfong arrived he observed the apartment door he was surveilling open. A white male with a beard and tattoos on his arm walked out with a young female child and walked towards a black truck. The male looked at S.A. Wilfong, approaching him asking what he (agent Wilfong) was doing. S.A. Wilfong stated a conversation ensued which ended with the male identifying himself as a Harris County Deputy Sheriff. The male then left the complex. The male was identified by Texas Driver's License photograph and Harris County Sheriff's Office employee photograph as Andrew Sustaita, who is currently assigned to the Crime Control Division.

On Friday, December 30, 2016 Sgt. Garza, a supervisor with the Harris County Sheriff's Office, High Tech Crime Unit, and Affiant met with S.A. Wilfong at the Homeland Security Investigation's Office to review this case. Affiant spoke with Sgt. Garza and learned that S.A. Wilfong had stated there were no images which meet the Federal definition of Child Pornography. However, there were numerous images of underage, female children displaying their panties. The images focused on the girls' vaginal

areas with some being close up images. One of the images showed a girl wearing panties which was taken close up to her vaginal area and there was a clear liquid running down her leg and on her panties.

On Tuesday, January 03, 2017 Affiant reviewed the various IP addresses the user Slayer69 has been associated with as provided by Australian Police and federal agents. Affiant noted two of the IP addresses, from October of 2015 and April of 2016, were registered to Comcast Communications. Affiant issued administrative subpoenas, numbers HM004-130 and HM004-131 for the address and user information for both of those dates. Comcast responded to both subpoenas they no longer have the requested information on file.

Additional information indicated another email address opened in October of 2016 on the YANEX server with the similar username slayer0869. An open source check of the username slayer0869 indicated postings on a second website. There were two different accounts on the second website with the user name Slayer0869. The first one with the email address slayer0869@yahoo.com which was noted in the information from the Argos Task Force.  This email address showed to be suspended due to the inappropriate use of copyrighted material. A second account, opened in October of 2016 was slayer0869@yanex.com. This account had the same folders which were initially observed by Officer Butler.  On January 4th, 2017 an account on www.gaybeast.com was also discovered by performing a search using Google of the name "slayer0869".  This account included uploaded videos to the member section of this site. The videos uploaded were titled "This Dog loves to please" and "This Dog loves to please #2". The videos appeared to be a yorkie type dog standing in front of a male penis that is exposed and erect. They are sitting on a red blanket or towel and there is an ironing board in the background.  On the same page which list the video states the person of slayer0869 is 32 years old and is from Houston Texas.

In order to view the full videos on the website of gaybeast.com, the user must have a paid membership. Affiant used a paid membership secured by Manager G. Spurger with HCSO in order to access the website in furtherance of this investigation.  Affiant, and Deputy C. Myers, who is currently employed by the Harris County Sheriff's Office as an Investigator in the High Tech Crime Unit, were able to view both videos in their entirety and noted both depict a white male lying on a bed with his legs spread and wearing no clothes.  The video is from the perspective of the person recording the image from his chest area. There is a small yorkie type dog which is between the male's legs and is licking the male's penis and anal area while the male masturbates for the camera.   While viewing the videos, there was a viewable tattoo on the male's right inner forearm and he is wearing a metal memorial type bracelet.

Affiant and Deputy Myers then had the opportunity to view the Facebook page associated to Andrew Sustaita and noted in several of the photos on Sustaita's page there was a tattoo on his right inner forearm which appears to be the same as that of the person in the videos from the gaybeast.com website. In the photos there is a bracelet of the same color and type as seen in the videos on the gaybeast.com website. Also on Andrew Sustaita's Facebook page was an image of a small yorkie type dog which appears to be the same dog in the videos from the gaybeast.com website.

It is your affiant's opinion, based upon his training and experience the images displayed are patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs.

Affiant knows digital files can be processed by this SHA1 standard resulting in a digital signature. By comparing these signatures Affiant can conclude that two files are or are not identical with a precision that greatly exceeds 99.9999 percent certainty. Affiant also knows from training and practical application that for two files to be different and yet have the same SHA1 value is computationally infeasible. Affiant knows through the computer forensic community there has never been a documented occurrence of two different files being found on the Internet having different contents while sharing the same SHA1 value. Affiant knows that the use of SHA1 compressed digital representations for the matching of movies and image has proven to be extremely reliable. Through this method of comparison Affiant has matched thousands of files and have never found two files with different contents but the same SHA1 value.

Affiant has used the following definitions in conducting his criminal investigation. Under Texas Penal Code Section 43.26, a person commits the offense if the person intentionally and knowingly possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, and that the person knows that the material depicts the child as previously described.

Under Texas Penal Code Section 43.25 promote means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do any of the above.

Under Texas Penal Code Section 43.25 "sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola.

Under Texas Penal Code Section 43.26 visual material means any film, photograph, videotape, negative, or slide, or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide; or any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

Under Texas Penal Code Section 43.21 obscenity is defined as material or a performance that: (A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex; (B) depicts or describes: (i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or (ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and (C) taken as a whole, lacks serious literary, artistic, political, and scientific value. (2) "Material" means anything tangible that is capable of being used or adapted to arouse interest, whether through the medium of reading, observation, sound, or in any other manner, but does not include an actual three dimensional obscene device. (3) "Performance" means a play, motion picture, dance, or other exhibition performed before an audience. (4) "Patently offensive" means so offensive on its face as to affront current community standards of decency. (5) "Promote" means to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same. (6) "Wholesale promote" means to manufacture, issue, sell, provide, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, or to offer or agree to do the same for purpose of resale. (7) "Obscene device" means a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs.

Under Texas Penal Code Section 43.23 A person commits an offense if, knowing its content and character, he wholesale promotes or possesses with intent to wholesale promote any obscene material or obscene device. (h) The punishment for an offense is increased to the punishment for a felony of the second degree if it is shown on the trial of the offense that obscene material that is the subject of the offense visually depicts activities described by Section 43.21(a)(1)(B) engaged in by: (1) a child younger

than 18 years of age at the time the image of the child was made; (2) an image that to a reasonable person would be virtually indistinguishable from the image of a child younger than 18 years of age.

Absent fraud, unlawful computer intrusion, or disclosure of one's private account password, a user's screen name or e-mail account can only be accessed by the subscriber to whom the screen name is assigned; thus rendering the screen name or e-mail account beyond use by the general public.
As a result of the above-mentioned training and experience, and in speaking with more experienced investigators, Affiant learned that people who have a sexual preference in children and who molest children often times correspond with potential victims via the internet and will travel short and long distances to engage in sexual activities with the child. Affiant has personally viewed sexually explicit pictures of children, depicting them in the nude, in sexually provocative poses, in lewd poses, and in poses depicting various sexual acts including oral copulation and sexual intercourse.

Affiant has spoken to several individuals, including arrested suspects, who have discussed or confessed to their sexual interest in children and the manner in which they seek out, locate, and molest their victims. Affiant has written search warrants related to child sexual exploitation.

Affiant knows from his training and experience that Child Erotica is visual, audio, or written material of individuals under the age of 18 that depict them in sexually explicit situations, without depicting the exact characteristics of what constitutes Child Pornography. Affiant knows from training and experience that Child Erotica is often found along with Child Pornography in a collector's possession as means of furthering the fantasy that they engage in.

Affiant knows from his training and experience that Child Pornography is visual material of individuals under the age of 18, that depict those individuals engaging in sexual conduct, including but not limited to lewd exhibition of the breasts or genitals, actual sexual intercourse, simulated sexual intercourse, or deviate sexual intercourse.

Your affiant believes based upon his training and experience, and the facts as listed above that the person engaging in the manufacture, transmission and possession of obscene material including material depicting children under the age of 18 at **15500 Cutten Road Apt 1908, Houston, Harris County Texas, 77070** is a person who has a sexual interest in children and the following information will apply to that person.

    a.  As a result of the above mentioned training and experience and in speaking with more experienced investigators, Affiant has learned that the following characteristics are

generally found to exist in varying combinations and to be true in cases involving people with a sexual interest in children, people who buy, produce, trade, or sell child pornography, and people who molest children.

b. There are persons whose sexual objects are children. They receive sexual gratification and satisfaction from actual physical contact with children and from fantasy involving use of pictures, other photographic or art mediums, and writings on or about sexual activity with children.

c. People who have a sexual interest in children or minors often collect sexually explicit materials consisting of photographs, magazines, motion pictures, videotapes, books, diskettes, and slides depicting children, which they use for their own sexual gratification and fantasy.

d. People who have a sexual interest in children or minors often use sexually explicit materials, including those listed above, for lowering the inhibitions of children, sexually stimulating children and themselves, and for demonstrating the desired sexual acts before, during, and after sexual activity with children.

e. People who have a sexual interest in children or minors rarely, if ever, dispose of their sexually explicit materials, especially when it is used in the seduction of their victims, and those materials are treated as prized possessions.

f. People who have a sexual interest in children or minors often correspond or meet with one another to share information and identities of their victims as a means of gaining status, trust, acceptance, and psychological support.

g. People who have a sexual interest in children or minors rarely destroy correspondence received from other people with similar interests unless they are specifically requested to do so. Many people who have a sexual interest in children or minors prefer contact with children of one sex and treat material featuring the preferred sex as prized possessions.

h. People who have a sexual interest in children or minors engage in activities or gravitate to programs, which will be of interest to the type of victim they desire to attract and provide them with access to these children.

i. Many people who have a sexual interest in children or minors use such photos as described above as a means of reliving fantasies or actual encounters with the depicted children. They also utilize the photos as keepsakes and as a means of gaining acceptance, status, trust, and psychological support by exchanging, trading, or selling them to other people with similar interests. These photos are often carried and kept by these people as a constant threat to the child as blackmail and/or exposure.

j. People who have a sexual interest in children or minors are afraid of discovery and often maintain and run their own photographic production and reproduction equipment. There may be as simple as the use of "instant" photo equipment, such as digital cameras, Polaroid equipment, video equipment, photo color quality printers, or a completely outfitted photo lab.

k. People who have a sexual interest in children or minors go to great lengths to conceal and protect from discovery, theft, and damage, their collections of illicit materials. There often includes the rental or use of safe deposit boxes or other storage facilities outside their immediate residence.

l. People who have a sexual interest in children or minors often collect, read, copy or maintain names, addresses, phone numbers, screen names, or lists of persons who have similar sexual interests. These may have been collected by personal contact, and/or Internet contact, or through advertisements in various publications. These contacts are maintained as a way of personal referral, exchange, and commercial profit. These people often correspond with others with the same interests through the use of computerized bulletin boards and chat rooms. These names may be maintained in the original publication, in phone books, notebooks or in computer hard drives, floppy disks, software, or merely on scraps of paper.

m. People who have a sexual interest in children or minors often keep the names of children they are involved with or with whom they have sexual contact. They maintain these names in much the same manner as described in the preceding paragraph for many of the same reasons.

n. People who have a sexual interest in children or minors often maintain diaries of their sexual encounters with children. These accounts of their sexual experiences are used as a means of reliving the encounter when the offender has no children to molest. Such diaries might consist of a notebook, scraps of paper, or a formal diary. Depending upon the resources available to the offender, they may be contained on audiotape or computer entries into a computer.

o. People who have a sexual interest in children or minors often cut pictures of children out of magazines, newspapers, books, and other publications, which they use as a means of fantasy relationships. These "cutouts" help identify the age and sexual preference of the person under investigation.

p. People who have a sexual interest in children or minors frequently collect books, magazines, newspapers, computerized visual images, and other writings on the subject of

sexual activities with children. They maintain these as a way of understanding their own feelings toward children.

q. People who have a sexual interest in children or minors frequently use sexual aids, such as dildos, fashioned after a man's penis, of various sizes and shapes, in addition to other sexual aids in the seduction of their victims. They often use these as a means of exciting their victims and as a method for arousing the curiosity of the children.

r. People who have a sexual interest in children or minors often collect and maintain books, magazines, articles, and other writings on the subject of sexual activity. These books and materials may be on the topics of human sexuality and sexual education or consist of sexual manuals discussing or showing various sexual acts, positions, or sexual activities.

s. People who have a sexual interest in children or minors often use drugs as a means of inducement to get a child to a particular location such as the offender's home. Alcohol is also used in there fashion. Both drugs and alcohol are also used as a means of seduction and for reducing the child's inhibitions for sexual excitement.

t. People who have a sexual interest in children or minors often collect and maintain artifacts, statues, paintings, or other media, which depict children or young persons in nude poses or sexual acts. These are kept or "left" in places where the victims can find or "discover" them.

u. People who have a sexual interest in children or minors may obtain and keep things of interest to their victims. They may consist of magazines, books, and toys of the age level of the victims they desire to attract and may be as complicated as video games, video game systems, and computers.

v. People who have a sexual interest in children or minors often keep mementoes of their relationships with specific children as a means of remembrance. These may consist of underwear or other garments or things, which are unique to the relationship they had with the child.

w. People who have a sexual interest in children or minors frequently obtain, collect, and maintain photographs of children they have been involved with. These photographs may depict children fully clothed, in various stages of undress, or totally nude, in various activities, not necessarily sexually explicit. These photographs are rarely, if ever, disposed of and are revered with such devotion that they are often kept upon the individual's person, in wallets and on diskettes. If a picture of a child is taken by such a person, depicting the child in the nude, there is a high probability the child was molested before, during, or after the photograph taking session, because the act of posing the child is a great sexual stimulus for the individual.

All of the material requested for seizure may identify children who are being sexually exploited through child molestation and/or child pornography. The materials may also identify other adults who engage in the sexual exploitation of children by these means. In addition, these materials may demonstrate the sexual proclivity, inclination, preference, and activities of the person under investigation and may provide evidence that may tend to show that the person under investigation has committed felonies in the State of Texas, to wit: Online Solicitation of a Minor, Possession or Promotion of Child Pornography, Indecency with a Child, Sexual Assault of a Child, Aggravated Sexual Assault of a Child, etc.

Based on Affiant's training and experience, Affiant believes that a Preferential Sexual Offender or a person who has a sexual interest in children is a person whose primary sexual interest is in children. Preferential Sexual Offenders receive sexual gratification from actual contact with children and also from fantasies involving children, including the use of photographs and other electronic media, such as computer floppy disks and Compact Disks. Affiant knows that Preferential Sexual Offenders, or persons who have a sexual interest in children often collect sexually explicit material of photographs, videotapes, books, and slides, which they use for their own sexual gratification and fantasy and to show to children in an attempt to lower the child's inhibitions. Preferential Sexual Offenders, or persons who have a sexual interest in children rarely, if ever, dispose of such material.

Affiant has learned that the Internet has provided Preferential Sexual Offenders, or persons who have a sexual interest in children with a virtually anonymous venue in which they can meet other people with the same sexual interests they have. The Internet is a worldwide computer system in which people are able to communicate with others by means of a telephone or cable modem. Affiant also knows that a Preferential Sexual Offender or a person who has a sexual interest in children might create and maintain a World Wide Web site, through a web hosting service. A World Wide Web site is a graphical storefront maintained on the Internet that could be used for the postings of text files, image files, and or video files. Preferential Sexual Offender's, or persons who have a sexual interest in children often use the computer to electronically exchange pictures of children or adults engaged in sexual activity. These illegal images can be stored on the computer or floppy disks, and viewed on the computer monitor anytime the subject chooses.

In Affiant's training and experience, Affiant has learned that Preferential Sexual Offenders, or persons who have a sexual interest in children use many screen names and are not likely to have only one screen name; in fact, most have many screen names and frequently change screen names to help cover their tracks and avoid leaving a trail of identity over time. Affiant also knows from his training and experience that with the advances of modern technology, it is very easy to store and transport these items

on your person in the form of flash drives, Writeable CD's, External Hard Drives, or on laptops that are often taken with them on their person or in the person's vehicle.

Based on his past experience and training, Affiant knows that persons who use personal computers in their homes tend to retain their personal files and data for extended periods of time even if a person has replaced, traded in or "upgraded" to a new personal computer. Affiant also knows personal computer users routinely transfer most of their saved data onto their new computers when making an upgrade. The data transfer is often done by saving files from the old computer to media sources (CD's or floppy disks, etc.), then opening them onto the new computer and saving them to the new hard drive. Visual images, such as child pornography, are as likely (if not more so) as other data to be transferred to a person's new, replacement or upgraded computer system.

Affiant's past experience in the on-line child pornography area also suggests that collections of child pornography will more than likely be located in the suspect's home. Affiant knows from interviewing such offenders that the primary reason they collect sexually explicit images of children is for their personal sexual arousal and gratification, the primary reason pornography of any type is collected and viewed. Consequently, a high degree of privacy is necessary to enjoy the collection and no other location can provide the level of privacy needed than one's own home. Even if family members or roommates share living quarters, the collection can be viewed in a private room or at times when others are away or asleep. Sometimes, in Affiant's experience, persons sometimes use work or school computers to help compile a child pornography collection, but when that occurs, Affiant's experience is that the images will be stored on portable computer storage devices and thereafter be transported to the collector's residence for private viewing. Affiant knows from his training and experience that the users and possessors of child pornography will often keep their collection close at hand, through the means of portable storage devices such as flash drives that have the ability to hold millions of images and videos

Affiant knows from his training and experience that the Internet is comprised of many computer networks. An IP Address is a unique four-byte number assigned to a computer when that computer accesses the Internet. IP Addresses allow computers on the Internet to locate, contact, and communicate with other computers via the Internet network. An IP address is unique in the sense that no two users can have the exact same IP address at the same time. Every computer/machine that is on the Internet has a unique IP address - if a computer/machine does not have an IP address, it is not really on the Internet. Internet Service Providers (ISP) are companies that provides individuals and other companies with access to the Internet, commonly for a fee, through telephone, cable or satellite connections. Some ISP's also offer an extensive online array of services of their own apart from the rest of the Internet, such as e-mail access, newsgroup access, instant message chat, etc. Companies such as ISP's or Web Hosting Services doing business on the Internet commonly obtain a block, series, of IP Addresses. Using a specific type of software, the IP number assigned to the computer can be subsequently traced to the

Internet company providing the IP Address. A request to the ISP, usually in the form of a subpoena, can reveal the subscription information that the ISP receives when establishing service to the customer, including name, billing address, address of service, and form and method of payment for the service. Corresponding to a particular IP Address is the Universal Resource Locator (hereinafter referred to as a URL), which is the address of the site in a text format. Uniform Resource Locator (URL) specifies the location of and is the address of a file or resource accessible on the Internet. An IP address may look something like "73.76.245.14" A URL may look something like http://www.yahoo.com.

Affiant has spoken with experts in the field of forensic computer examinations. Because of the large volume of information stored on a computer, it is almost always necessary to examine the computer off-site. A comprehensive forensic examination of a computer may take days or even weeks. Affiant has also learned that experts in the field of computer forensics are able to recover data that has been deleted from a computer hard drive, as well as storage media (floppy disks, compact disks, Zip drives, Pen drives, Thumb drives, tapes, etc.). Affiant also knows from his training and experience that digital material has the capability of remaining on devices designed to store them for an indefinite period of time including weeks, months, and years. Unlike drugs, the user does not consume Child Pornography; rather they are stored and kept for an indefinite period of time. The affiant also knows from his training and experience, that it is possible to retrieve items that have been deleted by the user through the use of a forensic recovery of the storage device.

Based on Affiant's training and experience, Affiant knows that in order to completely and accurately retrieve data maintained in computer hardware or on computer software, to ensure accuracy and completeness of such data, and to prevent the loss of the data either from accidental or programmed destruction, it is often necessary that computer hard drives be copied and examined by a qualified computer specialist.

Affiant is therefore requesting that a forensic examination of any computer and computer-related media found at the above locations be conducted for evidence of criminal activity, specifically Online Solicitation of a Minor, and/or Possession or Promotion of child pornography, as well as the identification of other child victims of sexual exploitation.

If authorized to search the above-described computer(s) hard drive, the forensic analyst will conduct the search within approved forensic guidelines that will safeguard the integrity of the original data stored on the hard drive.

Affiant knows that based on his training and experience that computers store the names of the people the operating system is registered to, as well as the name of the person to whom the programs are registered. Written documents are also often found that bear the name of the person that wrote them. The above information is used for indicia of ownership to establish the identity of person (s) in control of the computer(s).

Based on Affiant's training, experience and the above facts, Affiant has a reasonable basis to believe that persons at the location described have committed the offense of Obscenity on or about January 4th, 2017, and there is substantial cause to believe that evidence of those criminal offenses will be located on the person of Andrew Sustaita, W/M, DOB 7/26/1986, and or Persons unknown to Affiant.

THE FOLLOWING CONSIDERATIONS AND PRACTICALITIES GOVERN THE MANNER OF THE EXECUTION OF THE SEARCH WARRANT:

Based upon Affiant's knowledge, training, and experience, and experience of other law enforcement personnel, whom Affiant has consulted with, Affiant knows that in order to completely and accurately retrieve data maintained in computer hardware or on computer software, all computer equipment, peripherals, related instructions in the form of manuals and notes, as well as the software utilized to operate such a computer, must be seized and subsequently processed by a qualified computer specialist in an appropriate setting. Accordingly, it is very often necessary to take all computer hardware and software found at the suspected location in order to have it examined in a qualified forensic environment. Such will sometimes be the only way that items such as previously sent and received e-mails can be effectively recovered from a computer or its password, can be encrypted, or could have been previously "deleted". In light of these concerns, Affiant requests the Court's permission to seize at the search location all the computer hardware, software, and peripherals that are believed to potentially contain some or all of the contraband, and/or instrumentalities of a crime, and/or evidence tending to show that the suspect committed the offense of Online Solicitation of a Minor, as described in the warrant, and to conduct an offsite search of these computer materials for such evidence. Affiant intends to transport all such seized computer materials to a qualified forensic facility for imaging and analysis by experts.

Affiant requests that a warrant be issued and the following items be seized from the above-described location:

1. Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise regarding the sexual conduct and/or the exchange of pornography images including images of child pornography, child erotica, and images that are patently offensive representations or descriptions of sexual bestiality, masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human

14. Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

15. Documents showing dominion and control over the residence such as letters, utility bills, telephone bills, miscellaneous bills, pager bills and receipts for occupants, articles of personal property tending to establish the identity of the persons in control of the premises, vehicles, storage areas, safes, out buildings and containers being searched including utility company receipts, rent receipts, addressed envelopes, and keys and photographs of the defendant and his associates.

WHEREFORE, PREMISES CONSIDERED, your affiant respectfully requests that a warrant issue authorizing your affiant or any other peace officer of Harris County, to search the persons Andrew Sustaita, W/M DOB , 07-26-86, Elizabeth Sustaita, W/F 05-26-1981 and or Persons unknown to Affiant. And to enter and search the aforesaid location, 15500 Cutten Road, Apt 1908, Houston, Harris County Texas 77070, including all rooms, attics, and other parts therein, garages, storage rooms, vehicles at the location belonging to the persons named in this warrant, and outbuildings used in connection with the premises or located thereon and in any receptacle or safe therein; with authority to search for and to seize the property and items set out earlier in this affidavit and further search those items for evidence listed of criminal activity listed above, including with a qualified forensic examination.

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME BY SAID AFFIANT ON THIS THE ........ day of _____ , A.D., 2017.

_____
(Signature)

_____
(Printed name) Catherine Evans

DISTRICT JUDGE

_180_ DISTRICT COURT, HARRIS COUNTY, TEXAS

THE STATE OF TEXAS                         §

                                           §                    SEARCH WARRANT

COUNTY OF HARRIS                           §


SEARCH WARRANT

To the Sheriff or any Peace Officer of Harris County, Texas, or any Peace Officer of the State of Texas, or Special Investigator under the laws of Texas:

Whereas, the Affiant whose name appears on the affidavit attached hereto is a peace officer under the laws of Texas and did heretofore this day subscribe and swear to said affidavit before me (which said affidavit is here now made a part hereof for all purposes and incorporated herein as if written verbatim within the confines of this Warrant), and whereas I find that the verified facts stated by Affiant in said affidavit show that Affiant has probable cause for the belief he expresses herein and establishes the existence of proper grounds for issuance of this Warrant;

NOW, THEREFORE, YOU ARE COMMANDED to enter the suspected place, and premises including all out building, rooms, attics, closets, storage units, closed containers (including safes) and all vehicles parked at the above location as described in said affidavit, to-wit:

**15500 Cutten Road Apt 1908, Houston, Harris County Texas, 77070**

The address of 15500 Cutten Road Apt 1908, Houston, Harris County Texas, 77070 is described as a dwelling which is located in the apartment complex known as San Cierra. The location is on the east side of Cutten Road and south of Louetta Road. The specific apartment is located in the 1900 building which is located in the east portion of the complex and is situated with the doors facing north and south. The building is a brick and wood constructed apartment. The building and all its improvements and structures are listed within the Harris County Appraisal District as Bldgs. 1 thru 54, Cutten at Louetta Apts.

Photographs of the location are provided below.

 

You are further commanded to search the persons of the following named and/or described suspected parties, to wit:

 

Andrew Sustaita – DOB 7/26/1986          Elizabeth Sustaita 05/26/1981

And parties unknown at the location upon execution of this warrant.

At said premise, vehicle, and person you shall search for and, if same be found, seize and bring before me the property described in the affidavit, to-wit:

1.  Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise regarding the sexual conduct and/or the exchange of pornography images including images of child pornography, child erotica, and images that are patently offensive representations or descriptions of sexual bestiality, masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or

female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs and images of children under the age of 18 engaging in the above conduct, by the names stated above and otherwise, regarding the offense of Obscenity as defined in Penal Code 43.23.

2.  Evidence of display and/or distribution of the material listed in Item 1.

3.  Telephone books, address books, diaries, or other writings tending to identify other persons or child victims.

4.  To view and seize any videotapes and viewing and recording equipment to determine if they depict children engaged in nude or sexually explicit conduct or any of the material listed in Item 1.

5.  Any data or images of persons engaged in obscene displays of patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality.

6.  Any data or images of persons engaged in patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs taken as a whole, lacks serious literary, artistic, political, and scientific value.

7.  Any data or images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct.

8.  Any data pertaining to obtaining or possessing images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit a sexual response.

9.  Any data referring to online contacts or correspondences with the subjects under the age of 18 or related to the subject of communicating with children.

10. Condoms, lubricants, sex aids, pornographic materials, and devices used for sexual stimulation.

11. Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipod's, MP3 players, Video IPods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media;

12. Digital cameras, film cameras, digital video cameras, film video cameras, web cameras and all other devices used for the capture, taking, storing, transferring, developing, and otherwise manipulating images, including printers and all peripheral equipment associated with such cameras, including undeveloped film.

13. Any cellular telephones and other devices that can be used to communicate telephone to telephone or telephone to computer and all peripheral equipment associated with such cellular telephones;

14. Any papers or writings associated with online e-mail accounts, online social accounts, internet providers, cellular telephone bills and records, passwords, and screen names;

15. Documents showing dominion and control over the residence such as letters, utility bills, telephone bills, miscellaneous bills, pager bills and receipts for occupants, articles of personal property tending to establish the identity of the persons in control of the premises, vehicles, storage areas, safes, out buildings and containers being searched including utility company receipts, rent receipts, addressed envelopes, and keys and photographs of the defendant and his associates.


YOU ARE FURTHER ORDERED, pursuant to the provisions of Article 18.10, Texas Code of Criminal Procedure, to retain custody of any property seized pursuant to the Warrant, until further order of the Court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. The Court grants you leave and authority to remove such seized property from the county, if and only if such removal is necessary for the safekeeping of such seized property by you, or if the provisions of Article 18.10, T.C.C.P. otherwise authorize such removal.

YOU ARE FURTHER ORDERED to give notice to the Court, as a part of the inventory to be filed subsequent to the execution of the Warrant, and as required by Article 18.10, T.C.C.P., of the place where the property seized hereunder is kept, stored and held.

YOU ARE FURTHER ORDERED to have a forensic examination conducted of any devices seized pursuant to this warrant to search for the items previously listed.

Herein fail not, but have you then and there the Warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you executed the same.

ISSUED THIS THE ____9____ day of ___January___ A.D., 2017, at __9:55__ o'clock __A__.M. to certify which, witness my hand this day.

_____
(Signature)

Catherine Evans
(Printed name)

DISTRICT JUDGE

___180___ DISTRICT COURT, HARRIS COUNTY, TEXAS

Case # *HC17-1198*



# Harris County Sheriff's Office
## Search Warrant Return and Inventory

The undersigned affiant, being a Peace Officer under the laws of the State of Texas and being duly sworn on oath certifies that the foregoing warrant came to hand on the same day issued and that it was executed on the _9th_ day of _JANUARY_ _2016_, by making the search directed therein and pursuant thereto seizing the following described property;

| Room | Item # | Item Description |
|------|--------|------------------|
| GARAGE *(screen broken)* | 1 | Apple iPhone Model A1303 *16GB* FCCID BCGA1303B Black |
| " | 2 | Apple iPhone A1387 FCCID BCGE2430A |
| MBR "D" | 3 | Apple iPhone A1203 S/N 88749N2BWHG - GRY/FCLD |
| | 4 | iPhone 5C A1532 pink IMEI: 014000000848485 |
| | 5 | iPhone A1332 WTC FCCID: BCGE2380B |
| | 6 | iPhone A1332 white FCCID: BCGE2380B |
| | 7 | Samsung Galaxy Note 5 (no ID) - NO ID # (Blue/Black) |
| | 8 | Samsung Galaxy Note 3 white IMEI-357572051456199 |
| | 9 | Verizon Tab QMV7B FCC ID-HFSQMV7B BLK |
| | 10 | Verizon Tab IMEI 356455052967540 BLK |
| | 11 | iPad Mini A1489 S/N - F9FMWD9SFCM8 silv/wht. |
| | 12 | iPad A1430 S/N - DMPJ6Q62DVGL wilv/wh. |
| | 13 | iPad A1474 S/N - DMQLRT64FK14 silv/wh. |
| | 14 | Apple MAC Book Air - Silver - Model A1465-S/N C02MVRZ8G08... |
| MBR "D" | ~~15~~ | 3 1/2" FLOPPY DISK - ORANGE |
| Garage | 16 | 4GB PQI High Speed 150 SD Card |
| OFFICE "E" | 17 | Seagate 2TB External HD - BLK - S/N-NA0KE15K |
| " " | 18 | Apple iPad A1397 - S/N - DLXH290ADJHF BLK/SILV |
| " " | 19 | Apple iPad A1219 - S/N - GB032VHM23A |
| " " | 20 | Samsung Galaxy Tab GTN5110 - S/N - RF2DB0VSQAP |
| MBR "D" | 21 | Seagate External HDD 1TB - S/N NA530FL2 |
| MBR "D" | 22 | Hewlitt Packard - Model 13410SDX - S/N-5CD5487BRH |
| KIDS Rm "G" | 23 | Hewlett-Packard-Model 13CODDX - S/N 5CD5192NQH |
| MBR "D" *(Bathroom)* | ~~24~~ | Brown bottle w/ label "Methandrostenolone 25" |
| " " | 25 | Brown bottle w/ lable "Oxandrolone 25" |
| " " *(Bathroom)* | 26 | Blue dropper bottle w/ label "CLENBUTEROL 05" 200mcg/mL |
| | | |
| | | |

Officer Completing Inventory : _Deputy Jay Norman_ _HCSO #1853_

Agency _HARRIS COUNTY SO._

White – Original to Court     Yellow – Officer Copy     Pink – Location Copy

Page _____ of _____

DD003-8-15

Rev 06-30-2015 HTCU