United States District Court
Southern District of Texas

**ENTERED**

October 17, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-17-0065 |
| | § | |
| ANDREW CRAIG SUSTAITA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On February 1, 2017, a two count indictment was filed charging defendant, Andrew Craig Sustaita, with sexual exploitation of children in violation of 18 U.S.C. § 2251(a) & (e), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252(A)(b)(2).[1]  Pending before the court is Defendant's Motion to Suppress Evidence and Brief in Support ("Motion to Suppress") (Docket Entry No. 20).  In opposition, the United States has filed The United States Response to Defendant's Motion to Suppress ("Response to Motion to Suppress")(Docket Entry No. 21).  For the reasons stated below, defendant's motion to suppress will be denied.

---

[1]See Criminal Indictment filed under seal, Docket Entry No. 1.

## I.  **Background**

On January 9, 2017, Harris County Sheriff's Office (HCSO) Deputy Jeremy Thomas appeared before Judge Catherine Evans of the 180th State District Court of Harris County, Texas, seeking a search warrant for defendant's residence in Houston, Texas, at 15500 Cutten Road, Apartment 1908.  Deputy Thomas submitted a 19-page Affidavit for Search Warrant stating facts that he asserted established probable cause to search defendant's residence for inter alia images of child pornography and patently offensive representations or descriptions of sexual bestiality regarding the offense of Obscenity as defined in the Texas Penal Code § 43.23.[2] Based on Deputy Thomas' affidavit, Judge Evans concluded that probable cause existed and issued a Search Warrant authorizing the search of defendant's residence and the seizure of inter alia:

> 1.   Any and all information whether stored electronically as computer data or on paper and all data including communications, such as, text discussing, referring to, or otherwise regarding the sexual conduct and/or the exchange of pornography images including images of child pornography, child erotica, and images that are patently offensive representations or descriptions of sexual bestiality, masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs and images of children under the age of 18 engaging in the above conduct, by the names stated above and otherwise, regarding the offense of Obscenity as defined in Penal Code 43.23.

---

[2]Affidavit in Support of Search Warrant, Docket Entry No. 20-1, p. 5.

. . .

7.   Any data or images of persons who appear to be
     under the age of 18, engaged in sexual acts or
     posed in a manner to elicit sexual response or
     otherwise engaging in sexual conduct.

8.   Any data pertaining to obtaining or possessing
     images of persons who appear to be under the age of
     18, engaged in sexual acts or posed in a manner to
     elicit a sexual response.[3]

HCSO deputies executed the search warrant on January 9, 2017,
seizing various materials from the defendant's residence including
videos of the defendant engaging in bestiality and images of
alleged child pornography that led to the indictment in this case.[4]
Defendant moves to suppress all of the evidence seized during the
search of his residence.

## II.  **Analysis**

Defendant argues that the Fourth Amendment requires the
evidence seized from his residence be excluded because the search
warrant affidavit "did not [con]tain sufficient allegations that
would support the issuance of a search warrant either for 1) child
pornography, or 2)obscenity evidence at 15500 Cutten Road,
Apartment 1908."[5]   Defendant also argues that the good faith

---

[3]Search Warrant, Docket Entry No. 20-1, pp. 21-22.

[4]Search Warrant Return and Inventory, Docket Entry No. 20-1,
p. 25 (cataloging the items seized pursuant to execution of the
search warrant).

[5]Motion to Suppress, Docket Entry No. 20, p. 2.  See also id.
at 4-9.

exception to the exclusionary rule is not applicable because "the warrant in this case was based on an affidavit so lacking in indicia of probable cause so as to render official belief in its existence entirely unreasonable."[6] Alternatively, asserting that the affidavit recklessly omitted material facts, defendant requests a hearing pursuant to Franks v. Delaware, 98 S. Ct. 2674 (1978).[7]

## A.    Applicable Law

"A valid search warrant may be issued only upon a finding of probable cause." United States v. Brown, 941 F.2d 1300, 1302 (5th Cir.)(per curiam), cert. denied, 112 S. Ct. 648 (1991). "The information necessary to show probable cause must be contained within a written affidavit given under oath." Id.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

Illinois v. Gates, 103 S. Ct. 2317, 2332 (1983)(quoting Jones v. United States, 80 S. Ct. 725, 736 (1960), overruled on other grounds by United States v. Salvucci, 100 S. Ct. 2547 (1980)).

---

[6] Id. at 3.  See also id. at 9-12.

[7] Id. at 9.

Suppression of evidence is a remedy for a Fourth Amendment violation. Mapp v. Ohio, 81 S. Ct. 1684, 1688 (1961)(noting that evidence seized contrary to the Fourth Amendment "shall not be used at all") (citation omitted). The Supreme Court has described the exclusionary rule as "a prudential doctrine . . . created by this Court to compel respect for the constitutional guaranty." Davis v. United States, 131 S. Ct. 2419, 2426 (2011)(internal citations omitted). The Court has repeatedly held that "[t]he rule's sole purpose . . . is to deter future Fourth Amendment violations," and that "[e]xclusion is not a personal right," and is not "designed to redress the injury occasioned by an unconstitutional search." Id.

In United States v. Leon, 104 S. Ct. 3405 (1984), the Court recognized the good faith exception to the exclusionary rule.

> The good faith exception bars the application of the exclusionary rule to exclude evidence obtained pursuant to a warrant if law enforcement officers act under an objectively reasonable, good faith belief that the search warrant in question is valid — even if it, in fact, is not [valid].

United States v. Jarman, 847 F.3d 259, 264 (5th Cir. 2017). Citing the deterrence of police misconduct as the primary purpose of the exclusionary rule, the Court in Leon explained "that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." 104 S. Ct. at 3420. Thus the exclusionary rule is not applicable when police act with an "objectively reasonable good-faith belief

-5-

that their conduct is lawful." Davis, 131 S. Ct. at 2427 (citing Leon, 104 S. Ct. at 3413).  The Court has noted that warranted searches will rarely require any extensive deliberation over reasonableness because "'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'"  Leon, 104 S. Ct. at 3420 (quoting United States v. Ross, 102 S. Ct. 2157, 2172 n.32 (1982)).

Emphasizing that a law enforcement officer's reliance on a magistrate's determination of probable cause needs to be objectively reasonable, the Leon Court acknowledged that evidence seized in reliance on a warrant may be suppressed if one of the following four criteria is met: (1) the magistrate abandons his neutral, detached role and acts as a rubber stamp; (2) the magistrate was misled by information in an affidavit that the affiant knew to be false or recklessly disregarded its falsity; (3) an affidavit is so lacking in indicia of probable cause as to render belief in it entirely unreasonable (a "bare bones" affidavit), and (4) a warrant is so facially deficient (by failing to particularize the place to be searched or the people or things to be seized) that the executing officers cannot reasonably presume it to be valid.  Id. at 3421.  "Whether the exception applies will ordinarily depend on an examination of the affidavit by the reviewing court . . . but all of the circumstances surrounding issuance of the warrant may be considered."  United States v. Payne, 341 F.3d 393, 400 (5th Cir. 2003) (citation omitted).

-6-

When considering a motion to suppress in which the defendant argues that a search warrant was not supported by probable cause and that the good faith exception does not apply, courts usually begin their analysis by assuming without deciding that the warrant was not supported by probable cause and considering whether the evidence seized is admissible under the good faith exception. Courts generally consider whether the warrant was supported by probable cause only if the evidence is not admissible under the good faith exception. United States v. Allen, 625 F.3d 830, 835 (5th Cir. 2010), cert. denied, 132 S. Ct. 1632 (2012). See also United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992) (describing the "two-step review" of a motion to suppress, considering first whether the good faith exception applies and second whether the warrant was supported by probable cause). Courts will, however, address Fourth Amendment issues first when they require "resolution of a 'novel question of law . . . necessary to guide future action by law enforcement officers and magistrates.'" United States v. Craig, 861 F.2d 818, 820-21 (5th Cir. 1988)(quoting Gates, 103 S. Ct. at 2346 (White, J., concurring in the judgment)). Neither party argues that this case raises such a novel question of law. Accordingly, if the government establishes by a preponderance of evidence that reliance on the state court's warrant was objectively reasonable, the court must deny defendant's motion to suppress. See Leon, 104 S. Ct. at 3421 ("When officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time.").

**B.   The Good Faith Exception Applies**

Defendant invokes the third <u>Leon</u> criteria, arguing that Deputy Thomas' affidavit was so lacking in probable cause that no reasonable officer could have believed it valid, in spite of the state district court judge's approval.[8]   A "bare bones" affidavit, such as is alleged in this case, contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." <u>Satterwhite</u>, 980 F.2d at 321 (citing <u>Brown</u>, 941 F.2d at 1303 n.1). Examples of a "bare bones" affidavit include one that states the affiant "has cause to suspect and does believe" that contraband is located on certain premises.  <u>United States v. Pope</u>, 467 F.3d 912, 920 (5th Cir. 2006) (quoting <u>Brown</u>, 491 F.2d at 1303 n. 1).

Defendant argues that the warrant in this case was based on a bare bones affidavit

> so lacking in probable cause so as to render official belief in its existence as entirely unreasonable.  The affidavit, on its face, offers no facts regarding the Defendant possessing child pornography.  Furthermore, the Affiant knew this.  Sensing that he lacked the requisite facts to obtain a child pornography warrant, the Affiant dusted off an old and rarely used crime in the Texas Penal Code — misdemeanor obscenity.  The Affiant used this as an alternative reason to search the Defendant's home — evidence of obscenity related to bestiality videos.  However, the affidavit makes absolutely no link between the obscene videos and the place to be searched other than the Defendant living there.  There is no information in the affidavit that the Defendant produced or stored these obscene videos at his

---

[8]<u>Id.</u> at 3.

residence at 15500 Cutten Road, Apartment 1908, Houston,
Harris County, Texas. In fact, it was actually known to
law enforcement that the videos were not produced at this
location but instead at another location (See EXHIBIT B).

While the affidavit is quite lengthy, the vast
majority of it consists of boilerplate conclusory
statements that appear in almost every child pornography
warrant. If a reasonable magistrate closely inspected it
and distilled it down to the particular facts offered by
the Affiant, he or she would see that it is utterly
devoid of probable cause to search the Defendant's
residence. For this reason . . . the State Judge's
belief in the existence of probable cause was utterly
unreasonable and the *Leon* good faith exception should not
apply to this case. The exclusionary rule should be
enforced to discourage the Government from seeking
warrants on such lacking evidence.[9]

As evidence that law enforcement knew that the bestiality
videos referenced in Deputy Thomas' affidavit were not produced at
the residence searched, defendant cites the HCSO Offense Report,
Supplement 4, prepared by Deputy C. Myers and dated January 3,
2017.[10] Defendant argues that "[w]hat is recklessly omitted from
this warrant is the fact that prior to the date of the warrant and
affidavit, law enforcement had identified the location that the
Defendant produced these videos as 17627 Macrantha Dr., Spring,
Texas[,] through real estate photos and background features in the
videos."[11] In pertinent part the offense report states:

---

[9]Id. at 11-12.

[10]Id. at 8 (citing Exhibit B, Harris County Sheriff's Office,
Offense Report, Supplement 4, Docket Entry No. 20-2).

[11]Id.

> I knew Sustaita had moved from his home located at 17627
> Macrantha Dr., Spring, TX 77379.  I conducted a google
> search of the listed address looking for reality images
> of the residence which were used with the online sales
> listing.  I located the sales listing using the website
> www.har.com.  Looking at the sales listing and images
> provided I found two bedrooms with the same color back
> ground and molding affixed to the walls.  These images
> will be used as comparison images to show the back ground
> of the room in videos posted to "Gaybeast.com" and the
> residence which Sustaita once lived are similar.[12]

As support for his argument that the good faith exception does
not apply in this case, defendant cites Virgin Islands v. John, 654
F.3d 412 (3d Cir. 2011).  In Johns the detective applied for a
warrant to search the defendant's home for child pornography,
relying solely on an affidavit that established probable cause to
believe that evidence of sexual assault of several children who
attended school where he taught might be found.  The affidavit
contained no allegation of direct evidence that the defendant
possessed child pornography, and did not provide any connection
between the two crimes.  The Third Circuit held the affidavit was

> so lacking in indicia of probable cause as to render
> official belief in its existence entirely unreasonable.
> . . To be sure, the affidavit provides reason to believe
> that John had committed sex crimes against his students
> on school property, and that he kept two particular
> pieces of evidence of those crimes in his home.  But
> those allegations are not sufficient to establish — or
> even to hint at — probable cause as to the wholly
> separate crime of possessing child pornography.

Id. at 418-19.

---

[12]Harris County Sheriff's Office, Offense Report, Supplement
4, Docket Entry No. 20-2, p. 3.

1.  Officers Reasonably Relied on Validity of Warrant to Search for Child Pornography

Asserting that "there was no material that met the federal definition of child pornography,"[13] defendant argues that the affidavit provides "insufficient information . . . to conclude that there is a substantial basis for concluding that there would be illegal child pornography at the residence of a person who has shown interest in legal child erotica online."[14]   An affidavit supporting a search warrant for child pornography does not need to show "specific, individualized information that a defendant possesses child pornography." United States v. Flanders, 468 F.3d 269, 271 n. 3 (5th Cir. 2006)(citing United States v. Froman, 355 F.3d 882, 890-91 (5th Cir. 2004)). See also United States v. Gove, 452 F. App'x 555, 556 (5th Cir. 2011) (same). Moreover, in United States v. Rochelle, 205 F. App'x 296 (5th Cir. 2006)(per curiam), the Fifth Circuit rejected the argument that the defendant makes here.   In Rochelle the Fifth Circuit held that the officer executing a search warrant for child pornography based on an affidavit stating that the defendant had received images of "child erotica" — in apparent acknowledgment that the images were not child pornography — was entitled to rely in good faith on the validity of the warrant.   Like the defendant in this case, the

---

[13]Motion to Suppress, Docket Entry No. 20, p. 2.

[14]Id. See also id. at 4-7.

defendant in Rochelle argued that the images described in the affidavit were "mere erotica and, as such, did not suggest a fair probability that he was also in possession of child pornography." Id. at 297.   Acknowledging that "[a]n officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a bare bones affidavit," id., the Fifth Circuit rejected the defendant's argument and held that "[t]he search warrant affidavit here was not bare bones," and that the defendant's argument "does not convince us that the lack of probable cause was so obvious as to 'render official belief in its existence entirely unreasonable.'"   Id. (quoting Leon, 104 S. Ct. at 3421).

The affidavit at issue here did not rely only on observations that the defendant possessed child erotica and, therefore, is not a "bare bones" affidavit so lacking in indicia of probable cause as to render belief in it entirely unreasonable.   The affiant in this case testified that someone using the screen name SLAYER69 demonstrated a sexual attraction to children by viewing images of child erotica online, making approving comments about images of child erotica, posting images of child erotica, and offering to trade such images.[15]   The affiant stated that the defendant's offer to trade images was conditioned upon his first receiving images or

---

[15]Affidavit in Support of Search Warrant, Docket Entry No. 20-1, pp. 6-7.

links to images.[16]  The affiant verified that the Internet Protocol
("IP") address used by SLAYER69 was registered to the defendant at
15500 Cutten Road, Apartment 1908.[17]  The affiant acknowledged that
the investigation of the defendant had not revealed images meeting
the federal definition of child pornography,[18] but stated that

> there were numerous images of underage, female children
> displaying their panties.  The images focused on the
> girls' vaginal areas with some being close up images.
> One of the images showed a girl wearing panties which was
> taken close up to her vaginal area and there was a clear
> liquid running down her leg and on her panties.[19]

In addition, the affiant stated that he knew

> from his training and experience that Child Erotica is
> visual, audio, or written material of individuals under
> the age of 18 that depict them in sexually explicit
> situations, without depicting the exact characteristics
> of what constitutes Child Pornography.  Affiant knows
> from training and experience that Child Erotica is often
> found along with Child Pornography in a collector's
> possession as means of furthering the fantasy that they
> engage in."[20]

Defendant does not dispute that the photographs described in
the affidavit constituted child erotica, or that the affiant
described evidence showing that the child erotica was viewed,
commented upon, and posted using a computer located at his

---

[16]Id.

[17]Id. at 6-7.

[18]Id. at 7.

[19]Id. at 7-8.

[20]Id. at 11.

-13-

residence.   The presence of child erotica is a factor that courts consider in finding a substantial basis for probable cause to suspect a child pornography offense has been committed.   Rochelle, 205 F. App'x at 297.   See also United States v. Hansel, 524 F.3d 841, 845-46 (8th Cir.), cert. denied, 129 S. Ct. 520 (2008)(photographs described by the investigating officer as "child erotica, not child pornography" could be considered along with other factors in finding probable cause to search for child pornography); United States v. Ranke, 2010 WL 4386917, *6 (No. 08-20598-BC, E.D. Mich. October 29, 2010), aff'd on other grounds, 480 F.App'x 798 (6th Cir. 2012) ("The government contends persuasively that 'child erotica' . . . is some evidence that may properly be considered in establishing probable cause to search for child pornography.").[21]   The affidavit in this case was, therefore, more than a "bare bones" affidavit containing wholly conclusory statements that the affiant believed evidence of child pornography

---

[21]Defendant cites United States v. Edwards, 813 F.3d 953 (10th Cir. 2015), in support of his argument that the warrant in this case was not supported by probable cause to search for child pornography.   Motion to Suppress, Docket Entry No. 20, p. 7.   In Edwards the Tenth Circuit held that the affidavit failed to establish probable cause because where "the search-warrant affidavit . . . provided evidence only that Mr. Edwards possessed legal child erotica," id. at 961, "[n]either [Edward's] posting of child erotica nor his comments suggesting a sexual attraction to the child in the posted images established" a substantial basis for "probable cause that Mr. Edwards possessed child pornography in his home." Id. at 969.   The court nevertheless denied the defendant's motion to suppress pursuant to the good faith exception upon finding that "reliance on the warrant was not unreasonable." 813 F.3d at 972.

might be found at defendant's residence, and was, instead, an affidavit containing facts and circumstances from which a magistrate could independently determine probable cause. Accordingly, the court concludes that the affidavit contained facts on which an officer executing the search warrant could reasonably rely to conclude that the warrant was valid and not lacking probable cause to search the defendant's residence for evidence of child pornography.


2.   Officers Reasonably Relied on Validity of Warrant to Search Defendant's Residence for Obscenity

With respect to the obscenity category, the defendant argues that

> the affidavit mentions bestiality videos posted on a website depicting a man alleged to be the Defendant engaged in obscene conduct with a dog. These videos are the supposed justification for searching 15500 Cutten Road, Apartment 1908.  There is no nexus alleged in the four corners of the affidavit between the dog videos and the place to be searched.[22]

Defendant argues that the affidavit did not provide sufficient information linking his residence to the alleged criminal activity. "The requisite nexus between the location to be searched and the evidence sought can be shown by 'direct observation' or by 'normal inferences as to where the articles sought would be located.'" United States v. Robinson, 741 F.3d 588, 597 (5th Cir. 2014)

---

[22]Motion to Suppress, Docket Entry No. 20, p. 3.

(citing <u>Payne</u>, 341 F.3d at 400).  "The issuing judge may 'draw reasonable inferences from the material he receives,' and the ultimate determination of the affidavit's adequacy is entitled to great deference on review." <u>Id.</u> at 597-98. (quoting <u>United States v. May</u>, 819 F.2d 531, 535 (5th Cir. 1987)).

The connection between the alleged criminal activity of obscenity and the probability that evidence would be found in the defendant's residence was addressed in the affidavit.  The affidavit links the defendant's physical description with the male engaged in obscene conduct with a dog in two videos that were uploaded to the internet by a user identified as slayer0869,[23] connects the dog in the videos with a dog pictured on the defendant's Facebook page,[24] describes common household items such as an ironing board visible in the background,[25] and verifies the defendant's residence as 15500 Cutten Road, Apartment 1908.[26]  The affidavit establishes that an IP address linked to the defendant's Cutten Road address was used to view, comment on, and post other images of adult nudity and child erotica.[27]  The affidavit describes

---

[23]Affidavit in Support of Search Warrant, Docket Entry No. 20-1, pp. 8-9.

[24]<u>Id.</u> at 9.

[25]<u>Id.</u> at 8.

[26]<u>Id.</u> at 7.

[27]<u>Id.</u> at 6-7.

the images displayed in the bestiality videos as patently offensive
images constituting obscenity under Texas law.[28]   Regardless of
whether these statements in the affidavit are sufficient to
establish probable cause to search the defendant's Cutten Road
residence for obscenity, they are facts on which an officer
executing the search warrant could reasonably rely to conclude that
the warrant was valid and not lacking probable cause.   In Robinson,
741 F.3d at 598, the Fifth Circuit observed that

> [e]ven though the affidavit failed to assert that
> Robinson or his son still lived at the same location as
> when the images were taken and failed to allege that any
> of the items visible in the images were still at his
> residence several years later, the information had
> sufficient indicia of probable cause that an officer in
> good faith could rely on it.   Even if Robinson could have
> moved to a different address after taking the images, it
> would be a reasonable inference that evidence of the
> production, distribution, or possession of child
> pornography might be found at Robinson's current
> residence.

In addition, it would be a "normal inference" to conclude that
because the videos appeared to have been taken in a home, since
household items such as an ironing board were visible in the
background, that evidence of obscenity would be located at
defendant's current residence even if defendant and his family had
moved after the images were taken.   See id. (quoting Payne, 341
F.3d at 400 (stating that the required nexus may be established by
"normal inferences as to where the articles sought would be

---

[28]Id. 8-10.

located"). The affidavit was, therefore, more than a "bare bones"
affidavit containing wholly conclusory statements that the affiant
believed evidence of obscenity might be found at defendant's
residence, and was, instead, an affidavit containing facts and
circumstances from which a magistrate could independently determine
probable cause. Accordingly, the court concludes that the
affidavit contained facts on which an officer executing the search
warrant could reasonably rely to conclude that the warrant was
valid and not lacking probable cause to search for evidence of
obscenity at defendant's Cutten Road residence.

## C.   A **Franks** Hearing Is Not Necessary

Asserting that the affidavit recklessly omitted material
facts, defendant requests a hearing pursuant to Franks, 98 S. Ct.
at 2674.[29] Citing the HCSO Offense Report, Supplement 4, prepared
by Deputy C. Myers and dated January 3, 2017, defendant argues that
the affidavit recklessly omitted material facts, i.e., that law
enforcement knew in advance that the obscene videos were not
produced at the location they were seeking to search.[30] Defendant
argues that

> [w]hen this additional critical fact is added to the
> affidavit after a *Franks* analysis, the affidavit is even

[29]Id. at 9.

[30]Id. at 8-9 (citing, Exhibit B, Harris County Sheriff's
Office, Offense Report, Supplement 4, Docket Entry No. 20-2).

-18-

more devoid of probable cause supporting a search for obscenity. Instead of merely being silent about a nexus between the apartment and the obscene materials, the affidavit would affirmatively negate any reason to believe that there is evidence relating to obscenity in the Defendant's apartment.[31]

"The good-faith exception to the exclusionary rule does not apply if the warrant affidavit contains a false statement that was made intentionally or with reckless disregard for its truth." United States v. Cavazos, 288 F.3d 706, 709-10 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002) (citing Franks, 98 S. Ct. at 2676). In Franks the Supreme Court held that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

98 S. Ct. at 2676. The initial burden is upon the defendant to prove that false information was given or omitted intentionally or recklessly. Cavazos, 288 F.3d at 710. If the defendant fails to meet his burden, or if the affidavit would have sufficiently provided probable cause without the false information, the warrant

---

[31] Id. at 9.

did not violate the Fourth Amendment and the evidence should not have been excluded. Id.

Even though the affidavit at issue here failed to state that defendant lived at a different location when the videos were made, and failed to allege that the videos were made at the defendant's Cutten Road residence, the information in the affidavit had sufficient indicia of probable cause that an officer in good faith could rely on it. Even if the videos were made at the defendant's previous residence, for the reasons stated in the preceding section of this Memorandum Opinion and Order, a magistrate and/or an officer executing a search warrant could reasonably infer that evidence of the production, distribution, or possession of obscenity might be found at defendant's current residence. See Robinson, 741 F.3d at 598. Accordingly, the court concludes that defendant has failed to carry his initial burden of establishing that false information was given or material information was omitted intentionally or recklessly. Nor has defendant made any showing capable of establishing that if the affidavit had included the information about the videos having been made at his previous address, the affidavit could not have provided probable cause to search his current residence for obscenity. Thus, the court concludes that a Franks hearing is not warranted.

### III.  <u>Order</u>

For the reasons stated in § II, above, the court concludes that the affidavit supporting the search warrant for defendant's residence was more than a mere "bare bones affidavit," that it was not objectively unreasonable for the officer(s) executing the warrant to believe that it established probable cause, and that the Fourth Amendment does not require that the evidence seized be suppressed.  Accordingly, Defendant's Motion to Suppress Evidence (Docket Entry No. 20) is **DENIED**.

Jury trial is SET for Monday, November 13, 2017, at 1:00 p.m.

The court will conduct a final pretrial conference on November 9, 2017, in Courtroom 9-B (Ninth Floor), United States Courthouse, 515 Rusk Avenue Houston, Texas 77002, at 11:30 a.m. Defendant and all counsel are **ORDERED** to attend the conference.

No later than November 7, 2017, all counsel will file:

(1)  a proposed jury charge,

(2)  exhibit lists, and

(3)  witness lists.

Counsel will also deliver to each other and to the court's case manager copies of all exhibits.

**SIGNED** at Houston, Texas, on this 17th day of October, 2017.

 

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE